IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LOVEPREET SINGH | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No.  4:26-CV-00269-O |
| | § | |
| ROBERT CERNA, ET AL, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), filed on March 11, 2026; and the Government's Response and Appendix in Support (ECF Nos. 7, 8). Having considered the Petition, briefing, and applicable law, the Court finds that the Petition should be, and hereby is, **DENIED**.

## I.   BACKGROUND

Petitioner Lovepreet Singh's factual allegations are sparse. Accordingly, the Court relies on the evidence presented. On December 31, 2024, Petitioner, a native and citizen of India, illegally entered the United States without admission or parole.[1] He was subsequently apprehended and placed into removal proceedings on charges of inadmissibility as an alien present without admission or parole and as an alien with no valid entry documents.[2] On July 24, 2025, the immigration court ordered Petitioner's removal, but withheld removal as to India.[3] The removal

---

[1] Appx. Resp. (Escoto Declaration and Notice to Appear) 003, 005, ECF No. 8.
[2] *Id.*
[3] *Id.* at (Order of IJ) 008–10; Pet. ¶ 17, ECF No. 1.

order became administratively final as of August 25, 2025.[4] Petitioner was asked to begin applying for visas to different countries, but did not complete the travel document applications.[5]

On November 26, 2025, Petitioner's removal was referred to the State Department for third country removal assistance.[6] On December 31, 2025, Petitioner was served with a Notice of Failure to Comply Pursuant to 8 CFR 241.4(g) and Warning for Failure to Depart (Form I-229a), after he failed to complete travel document applications as requested by the Government.[7]

On March 11, 2026, Petitioner filed this habeas action alleging that there is no significant likelihood of removal in the reasonably foreseeable future and that his allegedly prolonged detention violates due process.[8] On April 14, 2026, Petitioner was again interviewed by the Government and expressed an interest in being removed to Canada (where he has other family members), and was provided with an application for a Canadian travel document.[9]

## II.    LEGAL STANDARD

A person held "in custody in violation of the Constitution or laws or treaties of the United States" can seek relief under a writ of habeas corpus. 28 U.S.C. § 2241(c)(3). "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  Habeas exists only "to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).

---

[4] Pet. ¶ 3, ECF No. 1.
[5] Appx. Resp. (Escoto Declaration) 003, ECF No. 8.
[6] *Id.*
[7] Appx. Resp. 003, 015, 017, ECF No. 8.
[8] *See generally* Pet., ECF No. 1.
[9] Appx. Resp. (Escoto Declaration) 003–04, ECF No. 8.

### III.   ANALYSIS

There is no dispute that Petitioner is subject to a valid and administratively final order of removal. Petitioner argues that his detention "is not presumptively reasonable because he has been detained for over seven months despite having been granted application for Withholding of Removal."[10] The Government responds that despite Petitioner not being able to be removed to India, there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future because the Government is working to remove him to a third country. The Government further argues that the period of presumptive reasonableness has yet to expire due to Petitioner being uncooperative. The Court agrees with the Government.

"Section 1231(a)(6) provides, among other things, that when an alien who has been ordered removed is not in fact removed during the 90-day statutory 'removal period,' that alien 'may be detained beyond the removal period' in the discretion of the Attorney General." *Demore v. Kim*, 538 U.S. 510, 527 (2003). In *Zadvydas*, the Supreme Court held indefinite detention pursuant to 8 U.S.C. § 1231(a)(6) would "raise a serious constitutional problem." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The Supreme Court therefore interpreted § 1231(a)(6) to permit detention beyond the 90-day removal period "only for a period reasonably necessary to secure the alien's removal." *Id.* It concluded that six-months beyond the removal period was presumptively reasonable, but after six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

---

[10] Pet. 8, ECF No. 1.

First, Petitioner failed to inform the Court of his failure to cooperate with the Government's removal efforts. As the Government's evidence shows, Petitioner was asked to complete travel document applications to third countries, failed to do, and was served with a Notice of Failure to Comply and Warning for Failure to Depart.[11] The notice informed Petitioner that he will "remain in ICE custody until you demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you."[12]

The removal period under § 1231 can be suspended if the alien "fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure" or "acts to prevent [his] removal," 8 U.S.C. § 1231(a)(1)(C). The Fifth Circuit has held that an alien's refusal to assist with removal will toll the running of the removal period. *Balogun v. I.N.S.*, 9 F.3d 347, 351 (5th Cir. 1993) ("The alien should not be allowed to profit from his own wrong and *contra non valentem agere nulla currit praescriptio.*"); *see also Benn v. Bureau of Immigration and Customs Enforcement*, 82 F. App'x 139, 140 (5th Cir. 2003). With the period of noncompliance accounted for, Petitioner was detained for less than 6 months of post-final-order-of-removal time when he filed suit and therefore, under *Zadvydas*, his detention is presumptively reasonable. *See Zadvydas*, 533 U.S. at 701; 8 U.S.C. § 1231(a)(1)(A).

Second, regardless of Petitioner's premature *Zadvydas* claims, Petitioner's circumstances do not present any unique barriers to removal in the foreseeable future. "[A]s of 2025, ICE now actively pursues third-country removals, granting the agency expanded options." *Surovtsev v. Noem*, No. 1:25-CV-160-H, 2025 WL 3264479, at *6 (N.D. Tex. Oct. 31, 2025) (internal quotation marks omitted). Petitioner does not dispute that third country removal is a possibility. Indeed,

---

[11] Appx. Resp. 003, 015, 017, ECF No. 8.
[12] *Id.* at 015.

Petitioner has evinced a desire to be removed to Canada and has been provided with an application for a Canadian travel document.[13]

"While [the Government] has not offered detailed plans for third-country removal, none are necessary at this time." *Id.* at *7. "The Court is obligated to 'give due weight to the likelihood of successful future negotiations.'" *Id.* (quoting *Zadvydas*, 533 U.S. at 702) (internal alteration omitted). And "[i]n light of the undisputed policy, the Court 'has no reason to believe that these efforts will be unsuccessful'" if pursued. *Id.* (quoting *Misirbekov v. Venegas*, 796 F. Supp. 3d 436, 439 (S.D. Tex. 2025) (noting that third-country removal efforts created a significant likelihood of removal in the reasonably foreseeable future)). Accordingly, the circumstances before the Court, especially when combined, show a significant likelihood of Petitioner's removal in the reasonably foreseeable future.

Petitioner also brings a constitutional due process claim for relief. For the reasons set forth above, Petitioner's claim lacks merit because "the *Zadvydas* standard *is* due process: a [Section] 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024) (emphasis in original). Accordingly, Petitioner "is deprived of no liberty by his detention anticipating removal consistent with the protections set forth in that case." *Ladak v. Noem*, 814 F. Supp. 3d 712, 730 (N.D. Tex. Dec. 30, 2025).

## IV.     CONCLUSION

For the forgoing reasons the Court **DENIES** Petitioner's Petitioner for a Writ of Habeas Corpus (ECF No. 1).

**SO ORDERED** on this **10th day** of **June, 2026.**

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[13] Appx. Resp. (Escoto Declaration) 003, ECF No. 8.